UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KRYSTYNA HENSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-905-B |
| | § | |
| YOUNG 3, LLC, a Texas corporation, | § | |
| and RONNIE D. YOUNG, | § | |
| an individual, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Krystyna Henson's Motion for Entry of Default Final Judgment (the "Motion" or "Motion for Default Judgment"), filed March 27, 2014. Doc. 23. For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

### I.

### BACKGROUND

Plaintiff originally filed this suit against Defendants Young 3, LLC and Ronnie D. Young (collectively, "Defendants") for minimum wage violations under the Fair Labor Standards Act ("FLSA") on March 11, 2014. Doc. 1, Complaint. Plaintiff alleges that she was employed by Defendants as a cashier from approximately February 2, 2013 through April 19, 2013, during which time Defendants failed to pay her a minimum wage for some of the hours she worked in violation of the FLSA. Doc. 8, Am. Compl. ¶¶ 10–11, 14, 16. Based on these allegations, Plaintiff seeks damages from Defendants in the amount of her unpaid wages, plus liquidated damages, attorney's fees, and costs under 29 U.S.C. § 216(b). *Id.* ¶¶ 13, 18–19.

Plaintiff served Defendants with a copy of her Amended Complaint and summons on June 27, 2014. *See* doc. 13, Affidavit of Service. Despite having received such process, however, Defendants failed to answer or otherwise respond within the time allowed. Consequently, on July 7, 2014, the Clerk of the Court entered a default against Defendants. Doc. 15, Entry of Default.

Thereafter, on August 14, 2014, Plaintiff filed the present motion asking the Court to enter a default judgment in her favor and to award her $7,940.00 in total damages. Doc. 17.

## II.

## LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff. Fed. R. Civ. P. 55(a)–(b). That being said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "Rather, a default judgment is generally committed to the discretion of the district court." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

In determining whether a default judgment should be entered against a defendant, courts have developed a three-part analysis. *See, e.g., 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. First, courts consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include:

> [1] whether material issues of fact exist; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by a good faith mistake or excusable neglect; [5] the harshness of a default judgment; and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Id.*

Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."). In doing so, courts are to assume, that due to its default, defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.* However, "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiff should receive. *See, e.g., 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. Normally damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

### III.

### ANALYSIS

Applying this three-part analysis, the Court ultimately concludes that while procedurally warranted, Plaintiff has not provided a sufficient factual basis in her Amended Complaint to entitle her to a default judgment against Defendants on her claim for unpaid wages under the FLSA.

Moreover, even if she had, the Court would not be in a position to award Plaintiff her unpaid wages in damages, because Plaintiff has failed to provide adequate evidence to substantiate the number of unpaid hours that she worked.

A.      *Whether Default Judgment is Procedurally Warranted*

The Court begins its analysis of Plaintiff's Motion by observing that all six *Lindsey* factors are satisfied in this case. First, Defendants have not filed any responsive pleadings. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, Defendants' "failure to respond threatens to bring the adversary process to halt, effectively prejudicing Plaintiff's interests." *Ins. Co. Of W.*, 2011 WL 4738197, at *3 (citing *Lindsey*, 161 F.3d at 893). Third, given that Defendants have had almost ten months now to file an answer or explain their reticence to do so, the grounds for default are clearly established. *Cf. Elite v. The KNR Group*, 216 F.3d 1080 (Table), 2000 WL 729378, at *1 (5th Cir. May 19, 2000) (per curiam) (holding default judgment to be inappropriate where defendant sent letter to court explaining his failure to appear was due to financial privation). Fourth, there is no evidence before the Court to indicate that Defendants' silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, Plaintiff only seeks the relief to which she is entitled under the FLSA, mitigating the harshness of a default judgment against Defendants. Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by Defendants. *See id.* Therefore, the Court concludes that default judgment is procedurally warranted.

B.      *Whether There is a Sufficient Basis for Judgment in the Pleadings*

While procedurally warranted, however, the Court finds that there is insufficient support in

Plaintiff's Amended Complaint to enter a default judgment on her behalf. Pursuant to the FLSA, every "employer" is required to pay to "each of his employees who in any workweek is engaged in commerce" a minimum wage of $7.25 an hour. 29 U.S.C. § 206(a). The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203(d).

To determine whether a person or corporation is an employer under the FLSA, courts in the Fifth Circuit examine the totality of the employment relationship in light of "economic realities." *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010); *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669 (5th Cir. 1968). The "economic reality" test requires courts to inquire into whether the alleged employer "(1) possessed the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* Under the economic reality test, a corporate officer may be an employer within the meaning of the FLSA (and thus jointly and severally liable along with the corporation) if he or she exercises "'managerial responsibilities' and 'substantial control of the terms and conditions of the [employer's] work'" *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971–972 (quoting *Falk v. Brennan*, 414 U.S. 190, 195 (1973)).

In this case, the Court finds Plaintiff's allegations in her Amended Complaint sufficient to establish that Defendants failed to pay her for at least some of the hours she worked, but insufficient to support her claim that Defendant Ronnie D. Young was an "employer" within the meaning of the FLSA. Absent from Plaintiff's Amended Complaint is any factual allegations regarding Mr. Young's title or position at Young 3, LCC (i.e., whether he was a corporate officer), his power to fire and hire employees, the nature and degree of control that he had over Plaintiff's work schedule or conditions

of employment, or his maintenance of employment records. Rather, Plaintiff's Amended Complaint merely echoes the FLSA's definition of an employer, stating in conclusory fashion that Mr. Young was an employer because he "acted directly or indirectly in the interest of Defendant Young 3, LLC in relation to Plaintiff's employment and was substantially in control of the terms and condition of the Plaintiff's work and was substantially in control of the terms and conditions of the Plaintiff's work." Am. Compl. ¶ 8. As such, the Court cannot find a sufficient basis in Plaintiff's Complaint to hold Mr. Young liable for failing to pay Plaintiff a minimum wage. *See Nishimatsu*, 515 F.2d at 1206 (holding that "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law").

C.   *Damages*

Moreover, even if the Court were to find that there was a sufficient basis in Plaintiff's Amended Complaint to support a default judgment in her favor, the Court would still be reluctant to award Plaintiff damages at this time, because Plaintiff has provided nothing other than her own terse declarations in support. Lacking are any time sheets, pay stubs, work logs, or other evidence to substantiate the length of her employment, hourly rates, or the hours she worked. *See Luster v. Desoto Kwik Kar, Inc.*, 2013 WL 6164294 *3 (N.D. Tex. 2013); *cf. Gibbs v. Parr Mgmt., LLC*, No. 3:12-CV-4474-L, 2013 WL 2355048 (N.D. Tex. May 29, 2013) (plaintiff provided detailed affidavit listing dates and work hours to support overtime claim); *Bell v. Able Sec. & Investigations, Inc.*, No. 3:10-CV-1945-L, 2011 WL 2550846, at *1 (N.D. Tex. June 28, 2011) (plaintiff provided timekeeping records to support overtime claim); *Bullion v. Transtec Sys., Inc.*, No. 07-61463-CIV, 2008 WL 4218119, at *2 (S.D. Fla. Sept. 15, 2008) (plaintiff "submitted detailed affidavit to establish claimed damages"); *Carazani v. Zegarra*, No. 12-107(RC), 2013 WL 5303492, at *7 (D.D.C. July 3, 2013) (plaintiff

provided employment contract, prevailing wage determination policy guidance from Employment and Training Administration, prevailing wage rates for housekeepers in area, FLSA minimum wage for that period, and weekly tabulation of hours she worked to support her claims).

## IV.

## CONCLUSION

For the above-stated reasons, the Court **DENIES without prejudice** Plaintiff's Motion for Default Judgment. Should Plaintiff choose to file an amended motion, she should first amend her complaint to address the deficiencies detailed in this opinion. Plaintiff should then serve a copy of her amended complaint on Defendants. Finally, Plaintiff should include along with her amended motion for default judgment any and all time sheets, pay stubs, work logs, or other evidence that she may have to substantiate the length of her employment, hourly rates, or the hours she worked, or provide a detailed affidavit explaining why she is unable to supply the requested documents. The amended complaint must be filed **no later than MARCH 2nd, 2015.**

SO ORDERED.

Dated: January 28, 2015.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE